Arthur D. Brennan, J.
In this proceeding brought pursuant to article 78 of the Civil Practice Act, the petitioner applies for an order, in the nature of mandamus, requiring the respondent board to determine that there is due and payable, and to pay, to said petitioner and to any teacher similarly situated a certain specified annual salary which is in excess of the respective salary presently being paid to each such teacher for the current school year of 1957-1958.
The subject controversy finds its origin in the fact that on June 4, 1957 the respondent board adopted a new set of schedules for salaries of teachers employed and to be employed by it on and after the then approaching school year of September, 1957 to and including June of 1958. With respect to the said new set of teachers ’ salary schedules, it is important to observe: (a) that the same superseded the former salary schedules which had been adopted on May 1, 1956 and had been made effective on September 1, 1956; (b) that the schedules of June 4, 1957 provided for compensations in excess of the minimum salaries required to be paid by section 3103 of the Education Law; and (3) that said schedules of June 4, 1957 were adopted pursuant to the provisions of subdivision 3 of section 3102 of the Education Law whereby school authorities of each school district are authorized to adopt schedules providing for rates of pay which are higher than the minimum salaries required to be paid by law.
From an examination of the salary schedules adopted on May 1, 1956 and those adopted on June 4, 1957, it appears that in the school year of 1956-1957, the petitioner herein received an annual salary of $5,800; that at the end of said school year he was entitled (under the salary schedule then in effect and if he so qualified) to an annual increment of $200; that when the subject schedules of June 4, 1957 were adopted by the respondent board, he was transferred to a salary classification which entitled him to a so-called “ transfer ” increase of $400 over and above the total of his aforesaid prior annual- salary of $5,800 and the last-mentioned annual increment of $200; that" pursuant to certain conditions which were simultaneously adopted as part and parcel of the new salary schedules of June 4, 1957, the petitioner is being paid an annual salary of $6,200 for the current school year of 1957-1958; that if at the end of the current year he is eligible and is recommended for the same, he will be entitled to receive an annual increment of $300; and further, pursuant to said conditions and in the event he qualifies for said last-mentioned annual increment, he will be entitled to receive an annual salary, for the coming school year of 1958- *81 1959, in the sum of $6,700. This contemplated annual salary of $6,700 will constitute an increase of $500 over the salary now being paid to him for the current school year and said sum of $500 will include the remaining one half of the above-mentioned “ transfer ” increase (in the original amount of $400) together with the last-mentioned annual increment of $300 for which, it may be presumed, he hopes to qualify at the end of the current school year.
The sole contention advanced by petitioner’s counsel in this proceeding is to the effect that the respondent board lacked statutory authority to promulgate those conditions which were simultaneously adopted and made part of the new salary schedules of June 4, 1957 wherein and whereby it was directed: that during the school year of 1957-1958, the petitioner herein should receive the annual salary paid to him for the year 1956-1957, plus the annual increment of $200 for which he might qualify at the end of that year, together with one half of the afore-mentioned “ transfer ” increase specified in the salary classification to which he had been assigned in said new schedules; and that in the coming school year (1958-1959) he should be paid a salary in a sum equal to the salary received by him during the current year, plus the annual increment for which he may qualify at the end of the current year, together with the remaining half of said ‘ ‘ transfer ’ ’ increase.
In this court’s view, the said contention may not be sustained. The salary being paid to the petitioner is not the minimum statutory salary; on the contrary, it is clearly in excess of such minimum. His salary under the new schedules is not being reduced in any way; nor is the annual increment for which he has heretofore qualified or may hereafter qualify being reduced or postponed. The effect of the subject conditions is that it permits the board to pay, in two equal annual installments, the transfer increase awarded to the petitioner upon his transfer from the 1956 salary schedules to the 1957 salary schedules. It is clear that the annual increment for which the petitioner qualified at the end of the 1956-1957 school year together with one half of said transfer increase, totaling $400, are being paid to petitioner during the school year of 1957-1958 and that the annual increment for which he may qualify at the end of the current school year together with the remaining half of said transfer increase, totaling $500, are required to be paid to him during the school year of 1958-1959. Undoubtedly, the aforesaid conditions were simultaneously adopted and imposed for the sake of a more convenient budget for each of the current and the approaching school years and in a desire to distribute *82 over two years the taxpayers’ obligation to meet said increases. In this court’s opinion, such salutary purposes are not prohibited by any of the provisions of the Education Law. Such conditions appear to be authorized by subdivision 1 of section 3104 of the Education Law which permits a school board to pay an annual increment and a transfer increase to a teacher (who receives an annual salary of more than $3,500) in annual installments of at least $400 per annum (or so much thereof as may be necessary) until such teacher has reached the amount to which he or she is entitled according to the applicable salary schedule. In this court’s view, said section 3104 (subd. 1) applies not only to salary schedules adopted in 1956 but also to amending or superseding schedules which call for salaries in excess of the statutory minima and which are adopted, subsequent to 1956, pursuant to the provisions of subdivisions 3 and 5 of section 3102 of the Education Law.
Accordingly, the application is denied and the petition is dismissed, but without costs. Submit order.